UNITED STATES, Appellee

v

LEO T. SHULTHISE, Sergeant, U. S. Marine Corps, Appellant

14 USCMA 31, 33 CMR 243

No. 16,572

May 10, 1963

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellant, Accused.

*Commander Joseph E. Ross,* USNR, argued the cause for Appellee, United States. With him on the brief was *Commander Benjamin H. Berry,* USN.

### Opinion of the Court

FERGUSON, Judge:

Tried by special court-martial, the accused was found guilty of drunken driving, housebreaking, and indecent assault, in violation, respectively, of Uniform Code of Military Justice, Articles 111, 130, and 134, 10 USC §§ 911, 930, and 934. He was sentenced to bad-conduct discharge, confinement at hard labor for six months, forfeiture of $30.00 per month for six months, and reduction. The convening authority ap-

proved the sentence, but suspended execution of the bad-conduct discharge. The supervisory authority, whose actions are hereinafter more fully discussed, ultimately purported also to approve the penalty. The board of review set aside the findings of guilty of drunken driving and reassessed the sentence, affirming, however, the punishment as approved below. We granted accused's petition for review on issues dealing with sufficiency of the evidence, whether certain special instructions should have been given by the president of the court-martial, and the efficacy of the supervisory authority's action on the case. In view of the disposition we order, only the last issue need be discussed.

Following action by the convening authority on the record, the case was forwarded to the officer exercising general court-martial jurisdiction for further review in accordance with Code, supra, Article 65, 10 USC § 865. As is required, the case was referred by the officer exercising general court-martial jurisdiction to his staff legal officer for review. The latter, in a lengthy exposition, opined that the evidence was factually insufficient to support the findings of guilty and recommended they be disapproved and the charges dismissed.

The supervisory authority disagreed with his staff judge advocate and, in an action dated July 20, 1962, declared that he was "satisfied that the accused had been proven guilty beyond a reasonable doubt correctly in fact by adequate evidence of sufficient weight." However, he conceded that certain instructional errors also pointed out by the staff legal officer had occurred and ordered a rehearing on the charges of housebreaking and indecent assault, approving only the findings of guilty of drunken driving. Through an apparent misunderstanding of the provisions of the Uniform Code and the Manual for Courts-Martial, United States, 1951, regarding the action to be taken in the event of disagreement with his staff legal officer, he forwarded the record of trial to The Judge Advocate General of the Navy for "review by a Board of Review." No court-martial order promulgating the result of trial was published, and whether accused was officially notified of the supervisory authority's action does not appear.

On August 2, 1962, a representative of The Judge Advocate General of the Navy discussed the forwarding of the record to departmental level with the staff legal officer and pointed out that such was unnecessary in view of the supervisory authority's direction of a rehearing. He informed the legal officer that the case would be returned for implementation of that action. On the same day, however, and prior to receiving the transcript, the supervisory authority took a new "action" on Shulthise's case.

The second "action" purported to withdraw the "action taken by me on 20 July 1962" and substituted a new "action" which approved the sentence as approved and partially suspended by the convening authority. This "action" of August 2, 1962, went on to explain that, "On reconsideration," the supervisory authority was of the view that the evidence did not place any matter in issue which could have given rise to an instructional omission by the president. The record of trial was again forwarded to The Judge Advocate General of the Navy for review by a board of review.

We need not, and do not, inquire into the circumstances which may have led the supervisory authority to change his views with regard to disposition of the case. Suffice it to say that his reconsideration came too late and the purported action of August 2, 1962, is a nullity.

The Manual for Courts-Martial, supra, notes, in paragraph 89b:

"b. **Modification of Initial Action.**—The convening authority may recall and modify any action taken by him at any time *before it has been published or the accused has been officially notified thereof.* When, as an incident of the review of a record of trial pursuant to Articles 65b, 66, or 67, or examination of a record of trial pursuant to Article 69, any incomplete, ambiguous, void, or inaccurate

action of the convening authority is noted, such action will be modified by him in accordance with the advice or instructions of a higher reviewing authority or the Judge Advocate General. See 95. Any supplementary or corrective action taken by the convening authority shall be signed by the convening authority in his own hand." [Emphasis supplied.]

The drafters of the Manual, supra, noted that the foregoing provision was designed to "give some degree of stability to the action of the convening authority and to insure that he will not modify his action pending appellate review . . . if it has . . . been published or the accused notified officially." Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 128.

In the case before us, there is no indication that the accused was officially notified of the supervisory authority's action and, generally speaking, its publication is accomplished by promulgation of a court-martial order. Manual, supra, paragraph 90; Legal and Legislative Basis, supra, page 129; 1955 Naval Supplement to the Manual for Courts-Martial, United States, 1951, section 0118. Publication, or its equivalent, may, however, be accomplished by other means.

As early as United States v Reeves, 1 USCMA 388, 3 CMR 122, this Court pointed out, at page 391, that "any judicial body may review and correct its decisions at any time *while they are still within its control.*" (Emphasis supplied.) In United States v Dean, 7 USCMA 721, 23 CMR 185, however, we held that conduct by a convening authority which constituted, in law, a "publication" of his action on the record prohibited its later modification at the same level of review. There, the Court adopted the position earlier taken by an Army board of review in United States v Jeffcoat, 78 BR 291. Specifically, we quoted with approval the board's conclusion that:

". . . Forwarding the case for review . . . is equivalent to publication and the sentence finally fixed by the reviewing authority may not, whatever course the proceedings thereafter take, be exceeded." [United States v Jeffcoat, supra, at page 292.]

See also United States v Pribis, 1 CMR 734; United States v Doby, 2 CMR 704; and United States v Watson, 5 CMR 476. Cf. United States v Padilla, 1 USCMA 603, 5 CMR 31.

These authorities establish the invalidity of the supervisory authority's "action" purportedly taken on August 2. The earlier action was neither incomplete, ambiguous, void, nor inaccurate, and he had effectively "published" it by forwarding the record to The Judge Advocate General of the Navy for "review by a Board of Review." While he acted mistakenly in doing so—at least with reference to the charges on which he had ordered a rehearing—the transmittal of the record served to notify the world of his disapproval of the proceedings and ended his authority to "reconsider" the direction of a rehearing. Cf. United States v Speller, 8 USCMA 363, 24 CMR 173. Generally speaking, an accused can never be prejudiced by appellate review. United States v Dean, supra, at page 724; United States v Zimmerman, 2 USCMA 12, 6 CMR 12. And when the action of a convening or supervisory authority duly sets aside the findings and sentence, orders a rehearing, and such appellate review is completed either by official notification of the accused, promulgation of the action, or deliberate transmittal of the record to another level, it is invested with finality. Manual, supra; United States v Dean, supra; United States v Watson, supra. Accordingly, the "action" of August 2 had no efficacy and could not modify the earlier direction of a rehearing as to the charges of indecent assault and housebreaking.

In light of the foregoing, we order the return of the record of trial for disposition in accordance with the supervisory authority's earlier, valid action. We note, however, that this case has been involved in appellate processes for over a year. The accused has served the term of confinement imposed and

**33**

has been restored to duty. Because of these and other circumstances apparent on the face of the proceedings, we believe the supervisory authority may wish to consider whether the interests of justice would not be better served by putting an end to the matter. Cf. United States v Dean, 5 USCMA 44, 17 CMR 44.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy for transmittal to the supervisory authority for disposition in accordance with his action of July 20, 1962, or dismissal of the charges.

Chief Judge QUINN concurs.

Judge KILDAY concurs in the result.