UNITED STATES

v.

Airman Basic Lyle Q. HURLBURT, FR 541–68–9250 35th Transportation Squadron Twelfth Air Force (TAC).

ACM S24256.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 April 1975.

Decided 28 Nov. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Major Isaac D. Benkin, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett and Colonel Julius C. Ullerich, Jr.

## DECISION

LeTARTE, Chief Judge:

Tried by military judge sitting alone as a special court-martial, the accused was convicted, contrary to his pleas, of housebreaking, in violation of Article 130, Uniform Code of Military Justice, 10 U.S.C. § 930. He was also convicted of larceny, in violation of Article 121, following his plea of guilty to the lesser offense of wrongful appropriation. The convening and supervisory authorities both approved the sentence as adjudged, extending to bad conduct discharge and confinement at hard labor for four months.

Appellate defense counsel have assigned three errors and have invited our attention to an issue raised by the accused in his request for appellate representation and to two additional errors asserted by trial defense counsel. We find it necessary to discuss only one assignment of error wherein counsel assert:

The Appellant's right to a speedy post-trial review and action was violated.

We agree. Two recent Court of Military Appeals decisions are applicable to counsel's assertion. In the first, *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751, 754 (1974), the Court established a guideline that presumption of a denial of speedy disposition of a case would arise when an accused is continuously under post-trial restraint "and the convening authority does not *promulgate* his formal and final action within 90 days of the date of such restraint." Emphasis supplied.

*Dunlap* was followed by *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), wherein the Court ordered that a copy of the staff judge advocate's post-trial review "be served on counsel for an accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment;" that proof of such service together with any such response counsel may make shall be included in the record of proceedings; and that counsel's failure "to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review." Furthermore, the Court indicated that compliance with this mandate would not be sufficient cause to extend the 90-day period in cases subject to the *Dunlap* rule.

In the case before us, the accused was sentenced on 8 April 1975, the special court-martial convening authority's final action was taken 63 days later on 10 June 1974, and the action of the officer exercising general court-martial authority [1] was signed on 1 July 1975, 84 days after the accused was initially placed in post-trial restraint. At first blush, therefore, a speedy post-trial disposition issue is not apparent insofar as the *Dunlap* 90-day rule is concerned. However, there is another factor involved herein that precludes us from resolving the assigned error solely on the basis of the indicated interval of time between sentence and the respective convening authority's actions.

The post-trial review was completed on 24 June 1975 and was mailed to counsel for the accused the next day. Defense counsel acknowledged receipt of the review on 30 June 1975 and submitted a written challenge thereto on 1 July 1975. This chal-

---

1. Hereinafter referred to as the "reviewing authority." Manual for Courts-Martial, 1969 (Rev.), paragraph 94a (3).

lenge was received in the general court-martial staff judge advocate's office on 3 July 1975. Subsequently, on 14 July 1975, a supplement to the staff judge advocate's review was prepared in which defense counsel's contentions were discussed and the following advice given to the reviewing authority:

> In your action of 1 July 1975, you approved the findings and the sentence in this case. It is now necessary for you to consider the matters submitted by the defense counsel and determine whether you desire to modify your prior action in any respect.

On 19 July 1975, this supplement was signed by the reviewing authority who indicated thereon:

> After careful consideration of the matters presented by the defense counsel in the light of my staff judge advocate's review and the supplement thereto, I adhere to and affirm my previous action taken on 1 July 1975.

■ Based on these occurrences, appellate defense counsel argue that the reviewing authority's "preliminary" or "tentative" action on 1 July 1975 was merely an "attempt to disguise" the denial of speedy disposition of the case under the *Dunlap* guideline. On the other hand, appellate Government counsel contend that *Dunlap* is inapplicable to this case since both the special court-martial convening authority and the reviewing authority acted thereon within 90 days after completion of trial and that *either* action was sufficient to prevent the *Dunlap* presumption from arising. We do not fully agree with the latter contention. In our opinion, the *Dunlap* guideline pertains to the review and action taken by the officer exercising *general* court-martial jurisdiction, whether as the convening authority (Article 61, Code, supra) or as the reviewing authority (Article 65(b)), since in either case this officer is responsible for issuing the court-martial order promulgat-

ing the results of trial. Manual for Courts-Martial, supra, paragraphs 84*d*, 90*b*(1) and 94*a*(3).

Air Force accused are defended by circuit defense counsel, when tried by general court-martial, and by area defense counsel, when tried by special court-martial. Since these counsel are seldom stationed at the same installation as the officer exercising general court-martial jurisdiction, the 5 day period within which defense counsel are permitted to challenge a post-trial review must often be extended because of the mail time involved and counsel's frequent absences from their bases of assignment while serving on other cases. Apparently in anticipation of this problem, following release of the *Goode* decision, an Air Force directive was dispatched which provides, in pertinent part:

> Part III. Under no circumstances should the 90 day period under Dunlap be permitted to expire due to a wait for reply from counsel. If a submission from counsel is received after the action but is considered to be timely under the circumstances, a supplementary review can be presented to the convening authority and he can withdraw his earlier action and substitute one more favorable to the accused if he sees fit. If he does not, the record must reflect that he considered the submission and determined that no change should be made.[2]

■ Although we are well-aware of the significant problems engendered by the *Goode* mandate, specifically with respect to compliance therewith being insufficient cause to extend the 90-day *Dunlap* presumption period, we cannot place our imprimatur on this procedure. The *Dunlap* guideline cannot be rendered inapplicable by having the convening authority act upon the case as soon as the post-trial review is completed and, by simply not publishing that action,[3] subsequently withdraw it in

---

2. See CSAF message 081927z, 8 April 1975, Subject: Service of Post-trial Reviews on Counsel for Accused.

3. We assume that the directive contemplates nonpublication of an action until after it has been determined that defense counsel has submitted, or has failed to submit, a timely and substantive challenge to the review. A conven-

the event a substantive challenge is submitted under the *Goode* mandate. Under the *Dunlap* rule, the presumption of denial of speedy disposition of a case arises when the convening authority's formal and final action has not been *promulgated* within 90 days of post-trial restraint, and promulgation is effected by publishing the action in a court-martial order, by officially notifying the accused thereof or by forwarding the record of trial to The Judge Advocate General for review by a Court of Military Review. *United States v. Shulthise*, 14 U.S.C. M.A. 31, 33 C.M.R. 243 (1963).

■ Normally, the date of the general court-martial convening authority's action is accepted as the date of publication since the Manual provides that the court-martial order promulgating the proceedings must bear the date of the officer's action. Manual for Courts-Martial, supra, paragraph 90*a*. Here, however, although the reviewing authority's action is dated 1 July 1975, the day it was signed, and the promulgating court-martial order thus bears that date, the supplemental review shows that the action was not in fact promulgated before 19 July 1975. Otherwise, the reviewing authority could not have been advised on 19 July that he was still empowered to modify his action "in any respect."

■ Accordingly, we find that the accused was continuously in post-trial restraint for 102 days, from 8 April until 19 July, before the reviewing authority's formal and final action was promulgated. Furthermore, we find that the Government did not meet its burden of showing diligence in the post-trial disposition of the case. The only explanation given includes a delay occasioned by returning the record to the special court-martial convening authority for corrective action, because that officer initially acted upon the advice of a disqualified acting staff judge advocate, and the reviewing authority's absence from the in-

stallation from 3 July 1975 until 16 July 1975, in order to "clear up his business" at a former station and then to "take leave to move his family from Shaw Air Force Base to Bergstrom Air Force Base." These explanations are not sufficient in our opinion, to overcome the *Dunlap* presumption of denial of speedy post-trial disposition of the case.

For the reasons stated, the findings of guilty and the sentence are hereby set aside and the charges are dismissed.

EARLY and ORSER, Judges, concur:

## TO THE HONORABLE, THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), the record of trial and the decision of the United States Air Force Court of Military Review, in the above-entitled case, are forwarded for review.

2. The accused was tried by a special court-martial on 8 April 1975, at George Air Force Base, California, on one specification of housebreaking and one of larceny. Despite his plea of not guilty to housebreaking and guilty of the lesser included offense of wrongful appropriation as to the larceny, he was found guilty of both as charged and sentenced to a bad conduct discharge and confinement at hard labor for four months. On 10 June 1975, the convening authority approved the sentence. On 1 July the officer exercising general court-martial jurisdiction approved the sentence, and on 19 July 1975 signed a statement specifically adhering to his previous action. The Air Force Court of Military Review on 20 November 1975 set aside the findings and sentence and ordered the charges dismissed.

3. It is requested that action be taken with respect to the following issues:

ing authority cannot withdraw his action and substitute another therefor after his initial action has been published or the accused has been officially notified thereof. Manual for Courts-Martial, supra, paragraph 89*b*. There-

fore, in order to comply with the procedure outlined in the directive, wherein the convening authority is instructed to withdraw and substitute his action "if he sees fit," a prerequisite would be nonpublication of his initial action.

I. "Was the Court of Military Review correct in holding that the time standards of *United States v. Dunlap* apply to the action of the officer exercising general court-martial jurisdiction rather than the action of the convening authority?"

II. "If the first question is answered in the affirmative, does application of the doctrine of *United States v. Dunlap* to the present case require dismissal of the charges?"

Receipt is hereby acknowledged of a copy of the foregoing Certificate of Review on this 9th day of December 1975.