UNITED STATES

v.

**Airman Basic Lyle Q. HURLBURT, FR 541–68–9250 35th Transportation Squadron Twelfth Air Force (TAC).**

**ACM S24256 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 April 1975.

Decided 19 Feb. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Major Isaac D. Benkin, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett and Colonel Julius C. Ullerich, Jr.

DECISION UPON FURTHER REVIEW

PER CURIAM:

In our original decision, we set aside the findings of guilty and the sentence and dismissed the charges on the basis that the accused had been denied his right to speedy post-trial disposition of his case. *United States v. Hurlburt*, 1 M.J. 742 (A.F.C.M.R. 1975), citing *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751, 754 (1974). Thereafter, upon consideration of the Certificate of Review filed by The Judge Advocate General, United States Air Force, the Court of Military Appeals reversed our decision and returned the record of trial for action consistent with its decision in *United States v. Brewer*, 1 M.J. 233, 234 (1975).

In *Brewer*, the Court held, as we did in *Hurlburt*, that "if post-trial restraint is imposed upon the accused, both [the convening and reviewing authority] must take final action on the record of trial within the 90-day period propounded in Dunlap." However, in the interest of justice, the Court provided that its determination would be given only prospective effect, to those special courts-martial in which an accused's post-trial restraint was imposed on or after 12 December 1975. Therefore, since our decision in *Hurlburt* was decided on 28 November 1975, and since the special court-martial convening authority's action

was taken within 63 days after the accused was sentenced, the *Dunlap* presumption of denial of speedy disposition of the case did not arise.

Absent a presumption of prejudice, the circumstances of this case do not otherwise justify a conclusion that the accused was denied speedy disposition of his case. *United States v. Brewer*, supra. Furthermore, we have considered the remaining issues raised on appeal and find them to be without merit. Accordingly, the findings of guilty and the sentence are Affirmed.