UNITED STATES

v.

Lloyd W. BAUGHCUM, 432 11 4033, Engineman Fireman (E–3), U. S. Navy.

NCM 77 0863.

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Jan. 1977.

Decided 11 Oct. 1977.

LT Michael E. Blount, JAGC, USNR, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Appellant was convicted at his general court-martial bench trial of conspiracy, possession and sale of marijuana and cocaine, and possession and transfer of lysergic acid diethylamide, in violation of Articles 81 and 92, 10 U.S.C. §§ 881 and 892, UCMJ, and sentenced to a bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $300 per month for 15 months, and reduction to pay grade E–1. The convening authority approved the bad conduct discharge, confinement at hard labor for 12 months and forfeiture of $300 per month for 10 months but suspended confinement in excess of 10 months.

In his initial assignment of error appellant contends that he was denied a speedy trial. He also asserts in an additional assignment of error that he was denied due process and a speedy review of his case because the convening authority took his action prior to defense counsel's having been afforded 5 days to comment upon the staff judge advocate's review in accordance with *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) and, had the 5 days been afforded, the convening authority would not have acted within 90 days of the commencement of appellant's post-trial confinement.[1]

We find that the mandate of the Court of Military Appeals in the *Goode* case has not been complied with and a new convening authority's action is required.

Appellant was tried at Roosevelt Roads, Puerto Rico on 11 January 1977. An unauthenticated advance copy of the record of trial was mailed to the defense counsel on 15 March 1977 and received by him at Guantanamo Bay, Cuba on 22 March 1977. The military judge authenticated the record of trial at Norfolk, Virginia on 25 March 1977 and mailed it to the defense counsel in Cuba for examination. The convening authority in Puerto Rico was advised that no substantive corrections had been made in the authenticated record of trial. Utilizing an unauthenticated copy of the record, the staff judge advocate completed his review on 29 March 1977 and mailed a copy to the defense counsel in Cuba by registered mail.[2] On the same date, the convening authority dispatched a priority message to defense counsel requesting that any comments on the review be transmitted by priority message. Defense counsel received the authenticated record of trial on 1 April 1977 and a copy of the staff judge advocate's review on

---

1. Defense counsel was served with the review on the 85th day of post-trial confinement and responded on the 90th day. Had the convening authority waited for the defense reply he could have taken his action on the 90th day. *See United States v. Trasp*, 54 C.M.R. 512, 517 (Interim) 1 M.J. 1059, 1062 (N.C.M.R.1976). In computing post-trial restraint for speedy review purposes, we have utilized the method of computation sanctioned in *United States v. Manalo*, 1 M.J. 452 (1976).

2. *Cf. United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973).

6 April 1977, the 85th day of post-trial confinement. The convening authority took his action on 8 April 1977, the 87th day of post-trial confinement. Defense counsel submitted his comments on the staff judge advocate's review by priority message on 11 April 1977, the 90th day of post-trial confinement, and forwarded the authenticated record of trial to the convening authority. The authenticated record was received at the convening authority's command on 22 April 1977.[3]

In *United States v. Goode, supra,* the Court of Military Appeals ordered that a copy of the staff judge advocate's review be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading, or on which he otherwise wishes to comment and ruled that failure of counsel to take advantage of this opportunity within 5 days of service upon him will normally be deemed a waiver of any error in the review. In *United States v. Hill,* 3 M.J. 295 (C.M.A.1977), the Court held that the remedy for noncompliance with the *Goode* mandate is reversal of the reviewing authority's action and a new review and action. The teaching of *Hill* is that the accused is entitled to have his counsel's comments on the staff judge advocate's review considered by the convening authority before that official acts. In the instant case, appellant was not afforded this opportunity. Defense counsel submitted comments and appellant is entitled to have them considered by the convening authority. A new convening authority's action is required.

■ Appellant contends that he has been denied a speedy review. The thrust of his contention appears to be that noncompliance with the *Goode* mandate within 90 days after the accused has been placed in post-trial confinement requires dismissal of charges. We do not agree.

■ The issue is whether the convening authority's action taken within 90 days of trial, but before defense counsel had 5 days

to respond to the staff judge advocate's review, rendered the *Dunlap* presumption inapplicable. In *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), the Court of Military Appeals held that a presumption of a denial of speedy disposition of a case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after the completion of trial. If the *Dunlap* presumption is not rebutted by a showing that extraordinary circumstances caused delay beyond 90 days, the charges will be dismissed. Inasmuch as the convening authority in this case acted without considering the comments of defense counsel concerning the staff judge advocate's review, his action was erroneous. However, an erroneous action is a formal and "final" action within the meaning of *Dunlap,* even though the accused may be prejudiced by the error and a new review is required. If such an action is taken within 90 days, the *Dunlap* presumption is defused. In reaching this conclusion, we adopt the rationale expressed in *United States v. Nelson,* No. 74 2376 (N.C.M.R. 28 July 1975), an unpublished case. In that case this Court found that, although the original convening authority's action was erroneous because it was not taken on a properly authenticated record of trial, it rendered the *Dunlap* presumption inapplicable. The Court said:

Stated another way, we find the convening authority did:

". . . promulgate his formal and *final* action within 90 days of the date of such restraint after completion of trial." *United States v. Dunlap* [sic] at pp. 138, 754. [emphasis supplied]
Assuming the initial action was null and void it still had the affect of removing this appellant from "under the cloud of unliquidated charges for an indeterminate period", *Dunlap loc. cit.*

---

3. *Id. Compare United States v. Andrade,* 3 M.J. 757 (A.C.M.R.1977) and *United States v. King,* 44 C.M.R. 680 (A.C.M.R.1971), *with United States v. Banks,* 44 C.M.R. 667 (A.C.M.R. 1971).

Citing *Klopfer v. North Carolina*, 386 U.S. 213, 227 [87 S.Ct. 988, 18 L.Ed.2d 1] (1967) (concurring opinion). The issue is distilled by ascertaining the meaning of the term "formal and final action" portion of the *Dunlap* rule.

No one would dispute that a formal action is one set forth in writing, published to the military community including the accused, Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 89. We conclude that the term "final" within the context of *Dunlap, supra,* relates to the point in time when the convening authority is divested of authority to take any further action on the record. The term initial action is used in the *Code* and *Manual* to describe actions, i. e. interim and final, which can be taken by the convening authority upon his first receipt of the record. These actions include reconsideration and revision, Article 62, UCMJ; rehearing, Article 63, and approval, Article 64. Only the latter results in the "final action" described in Article 65 of the Code. The interim actions permitted by Articles 62 and 63 normally involve return of the record to a trial tribunal with directions for correction of specific matters. When compliance is completed the record is returned to the convening authority for his final action prior to forwarding the record for appellate review. Once this last and final action has been officially published the convening authority may not take any further action, except as directed by higher legal authority, see *United States v. Dean*, 7 U.S.C.M.A. 721, 23 C.M.R. 185 (1957), *United States v. Shultise* [sic], 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963) and *United States v. Shaffer*, 40 C.M.R. 794, 796, 797 (A.B.R.1969). To give a reasonable meaning to the *Dunlap* rule, it may be said that if an accused is continuously in confinement after trial the convening authority must within 90 days take "final action" in the sense of Article 65, UCMJ, to divest himself of any jurisdiction over the record to

avoid the presumption of a denial of speedy disposition. On the other hand, if it develops during the initial review additional proceedings are legally required pursuant to Articles 62 and 63 of the Code, *Dunlap* time would not commence running until the trial court has completed the action directed by the convening authority. Of course, post-trial delays in ordering a proceeding in revision or rehearing will be subjected to close scrutiny to insure an appellant is not prejudiced by untoward delays in ordering such additional proceedings. *See United States v. Morrow*, 49 C.M.R. 866 (N.C.M.R. 1974), petition denied No. 29,570 (U.S. C.M.A. 10 March 1975). [*Cf. United States v. Flint*, 1 M.J. 428 (1976)].

In summary, when applying the sense of the law announced in *Dean* and *Shultise* [sic] and the limitations imposed by paragraph 89*b* of the Manual we consider a "final" action is that initial action of the convening authority not ordering corrective action by a trial court or a rehearing. In the case at bar, the first action published the trial results of which appellant was notified. More importantly it forwarded the record to this Court for review. This action liquidated the charges and sentence and precluded any further action by the convening authority.

The principal thrust of the defense argument is since the initial action was null and void the "final" effective action was not taken until we returned the record several months after trial. . . .

\*    \*    \*    \*    \*    \*

. . . [I]f the action in the case at bar is void, which is subject to question, when the initial and, considered to be at the time, final action was taken the appellant had the charges liquidated, *Dean, supra,* and *United States v. King*, 5 U.S.C.M.A. 3, 17 C.M.R. 3 (1954). Also *see generally United*

*States v. Culver,* 22 U.S.C.M.A. 141, 46 C.M.R. 141 (1973). Therefore, appellant was afforded a speedy review and the *Dunlap* presumption does not obtain in this case. [*United States v. Nelson, supra,* slip op. at 3–4].

Inasmuch as the convening authority acted within 90 days of trial in this case, the *Dunlap* presumption of denial of speedy disposition is inapplicable. We realize that the Court of Military Appeals announced in *United States v. Goode, supra,* that compliance with *Dunlap* is not sufficient to extend the 90-day period in cases subject to the *Dunlap* rule. In effect, the Court merely held that *Goode* did not extend the *Dunlap* period to 95 days and that compliance with *Goode* alone was not an extraordinary circumstance rebutting the *Dunlap* presumption of denial of speedy disposition in cases in which the convening authority failed to act within 90 days. It is unnecessary to determine whether there are extraordinary circumstances in this case because the *Dunlap* presumption is inapplicable. The Court of Military Appeals has refused to tighten the *Dunlap* standard and extend the rule which necessitates dismissal of charges as the remedy for post-trial delay. *See United States v. Ledbetter,* 25 U.S.C.M.A. 51, 54, 54 C.M.R. 51, 54 (Interim), 2 M.J. 37, 40 (1976). For the reasons stated in *United States v. Wilcox,* 3 M.J. 1120 (N.C.M.R. 1977), this Court is unwilling to extend the rule. We refuse to extend and apply it to a case in which the convening authority has taken his action within 90 days of trial, although his action is affected by error. The remedy for a prejudicially erroneous convening authority's action is normally another action, not dismissal of charges. The remedy for failure to comply with the *Goode* mandate is another action. *United States v. Hill, supra.*

The error in this case is not a failure to heed the dictate of *Dunlap,* but failure to observe the *Goode* mandate. Therefore, the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Navy for submission to a competent reviewing authority for a new review action.

Senior Judge NEWTON and Judge GRANGER concur.