**UNITED STATES**

v.

**Irineo SALINAS, 454 02 0819, Private (E–1), U. S. Marine Corps.**

**NCM 77 1462.**

U. S. Navy Court of Military Review.

Sentence Adjudged 23 Feb. 1977.

Decided 16 Nov. 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, BAUM and MALLERY, JJ.

PER CURIAM.

Appellant was tried by special court-martial composed of a military judge alone at Camp Pendleton, California, on 23 February 1977. Pursuant to his pleas, appellant was convicted of two specifications of unauthorized absence, for 6 months and for 19 days, respectively, in violation of Article 86, 10 U.S.C. § 886, Uniform Code of Military Justice. He was sentenced to a bad conduct discharge, confinement at hard labor for 2 months and forfeiture of $200.00 pay per month for 2 months. On 25 March, the convening authority approved the sentence without change.

On 8 April 1977, the convening authority purported to withdraw his earlier action and to substitute an action whereby he approved the sentence, but probationally suspended for 1 year the unexecuted portion of the confinement and the bad conduct discharge. On 26 April 1977, the supervisory authority approved the sentence "as approved, ordered executed, and partially suspended by the convening authority" and forwarded the record of trial for further review before this Court.

Appellant, without citation of authority, asserts that, when the convening authority on 8 April 1977 purported to rescind his initial action on the record taken on 25 March 1977, his new action was, as a matter of law, a nullity. Furthermore, he contends that such necessitates corrective action, which should be suspension as directed by the convening authority on 8 April, only running from 25 March rather than 8 April. No rationale for this course is submitted.

Government counsel asserts that appellant's discharge and unexecuted confinement have been suspended but that the probation runs for a year from 8 April rather than 25 March. Government counsel submits two theories by which this conclusion can be reached, neither of which is in accord with the law. The Government cor-

rectly cites paragraph 89*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition), which states:

> The convening authority may recall and modify any action taken by him at any time before it has been published or the accused has been officially notified thereof.[1]

Counsel then goes on to offer alternative theories on what will constitute publication, ignoring the leading case of *United States v. Shulthise*, 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963). In *Shulthise*, the United States Court of Military Appeals stated that, generally, publication is accomplished by promulgation of a court-martial order but that it may be achieved by other means and went on to hold that such had been accomplished by the forwarding of the record to another level for review. In the instant case, since a court-martial order was not issued by the convening authority, his action could be recalled and modified if the appellant had not been officially notified or the record had not been forwarded for further review. There is no evidence bearing on notification of the appellant. There is evidence, however, that the record had been transmitted to the supervisory authority. At the end of his action on 25 March 1977, the convening authority stated that:

> The record of trial is forwarded to the Commanding General, 1st Marine Division, for action under Article 65(b), Uniform Code of Military Justice.

Thereafter, a date-time stamp was affixed to the back of the index page of the record of trial which shows the record was received somewhere on 29 March 1977. The same stamp appears on the back of the 8 April 1977 action reflecting receipt on 11 April 1977. These stamps tend to indicate that the record of trial with initial convening authority action was received by the general court-martial authority on 29 March and that the subsequent action was separately forwarded and received on 11 April 1977.

---

1. The drafters of the *Manual* noted that the foregoing provision was designed to "give some degree of stability to the actions of the convening authority and to insure he will not modify his action pending appellate review

. . . if it has . . . been published or the accused notified officially." *Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951*, at 128.

Accordingly, we find that the convening authority effectively published his action of 25 March 1977 by forwarding it with the record of trial to the general court-martial authority for further review. His action of 8 April 1977, therefore, was a nullity. We do agree with Government counsel, however, that the general court-martial authority by his action of 26 April 1977 chose to partially suspend the sentence for 1 year from 8 April 1977. Under no circumstances do we see how the suspension could possibly relate back to 25 March 1977, as urged by appellant, since, if it is not to run from 8 April, then 26 April, the date of the supervisory authority's action, would appear to be the only logical starting point. In order to clear up all doubt on this matter, we will take action to implement the intentions of both the convening authority and the supervisory authority.

The findings and sentence as approved below, with suspension on probation for 1 year from 8 April 1977 of the bad conduct discharge and confinement remaining unexecuted on 8 April, are affirmed.