**UNITED STATES**

v.

**James Joseph JACQUES, 438 94 2833,
Radioman Seaman Recruit, (E–1),
U. S. Navy.**

**NCM 77 1800.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 April 1977.

Decided 28 April 1978.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

CAPT Geoffrey D. Fallon, USMCR, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

GRANGER, Judge:

Appellant was convicted, pursuant to his pleas, of unauthorized absence and missing movement through neglect. The convening authority approved the sentence of a bad-conduct discharge, confinement and forfeitures, but suspended execution of the discharge. Appellant contends that the convening authority violated the terms of a pretrial agreement when he approved the discharge. We agree.

The staff judge advocate elicited post-trial affidavits, which are included in the record of trial. They reflect that trial defense counsel and the convening authority discussed terms for a negotiated plea and thought they had struck an agreement. Government counsel was not privy to these negotiations. Defense counsel reduced his conception of the agreement to writing, witnessed appellant's signature thereon, and forward it to the convening authority for his signature. The written agreement contained a provision that, "No Bad Conduct Discharge shall be approved."

It is uncontroverted that the convening authority signed the agreement. He reconsidered, however, and did not return it to defense counsel. Trial counsel advised defense counsel before trial that there was no pretrial agreement and the convening authority was no longer interested in negotiating for a guilty plea.

At trial, the prosecutor advised the court that there was no pretrial agreement. Defense counsel, unaware that the convening authority had signed the agreement, did not contradict the statement. Appellant thereafter pleaded guilty.

The motivation for the convening authority's withdrawal from the pretrial agreement is unclear. The affidavits submitting by defense counsel, the prosecutor and the convening authority are contradictory.

While we find no controlling legal precedent on the issue here presented, we are convinced that the terms of the pretrial agreement must be honored in this case, and that the sentence to a bad-conduct discharge cannot be affirmed. Our holding is predicated upon the conclusions expressed *infra.*

■ The convening authority may unilaterally withdraw from a pretrial agreement, for any proper reason, at any time prior to arraignment, so long as the accused has taken no action in reliance upon the pretrial agreement that might prejudice his defense.

■ Once a pretrial agreement is made, however, it should not be modified except by judicial order. *United States v. Lanzer,* 3 M.J. 60 (C.M.A.1977). Consequently, when the convening authority chooses to withdraw from a pretrial agreement, the matter must be presented to the military judge prior to arraignment, and the judge must inquire into the attendant circumstances and rule on the viability of the agreement.

■ An agreement is "made" when both parties, *i. e.,* the accused, as witnessed by his trial defense counsel, and the convening authority, have signed the written pretrial agreement. We are aware that this conclusion is not completely harmonious with recognized principles of contract law. *See, e. g.,* 17 C.J.S. *Contracts* § 64 (1963). Strict contract principles cannot be applied to pretrial agreements, however. *See United States v. Lanzer, supra; United States v. Cox,* 22 U.S.C.M.A. 69, 46 C.M.R. 69 (1972). Suffice it to say that the Court of Military Appeals demands maximum clarity in all matters related to pretrial agreements, *United States v. Green,* 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976); *United States v. Cox, supra,* and it follows that any executed pretrial agreement should be a matter of record.

■ The convening authority may well have had a proper reason for withdrawing from the pretrial agreement in this case. The matter was not raised at trial, however. The agreement having been made, and not having been declared void by judicial order, it remained viable at the time of trial. *See United States v. Lanzer, supra.* It must therefore be honored.

■ We urge adherence to the procedures set forth in the JAG Manual, section 0114. Trial counsel should be involved in all plea negotiations. One reason is that, in order to make a well-informed decision and avoid problems such as we encounter here, the convening authority should hear both the opposing counsel. Another reason is that when trial counsel is privy to negotiations between the convening authority and the accused, he is better able to assure the court that the written agreement encompasses all the understandings between the parties and that the convening authority's interpretation of the agreement comports with that of the court and the accused. *See United States v. Green, supra.*

■ There is no issue as to the providency of appellant's guilty pleas. His pleas were in no manner predicated upon any pretrial agreement. He and all other parties to the trial believed there was no agreement. Reversal of appellant's conviction is not required. The error discussed above can be cured by reassessment of the sentence.

The findings and only so much of the sentence as provides for 3 months confinement at hard labor and forfeiture of $200 pay per month for 3 months are affirmed.

Judge GLADIS concurs.

NEWTON, Senior Judge (concurring):

The accused is convicted of a 14-day unauthorized absence and missing the movement of his ship through neglect to commence that absence. Arts. 86 and 87, UCMJ, 10 U.S.C. §§ 886 and 887. His sentence for the multiplicious offenses, as approved prior hereto, consists of 3 months confinement, forfeiture of $200 pay per month for 3 months, and a bad-conduct discharge, the latter suspended until 6 May 1978.

The accused contends on appeal that a valid pretrial agreement limiting the sentence provisions to be approved by the convening authority was in effect at the time of trial and that the convening authority did not comply with the terms of the agreement.

Post-trial investigation of the noted matter by the staff judge advocate responsible for reviewing this case shows the following:

The defense counsel and convening authority discussed a possible pretrial agreement and thought they had agreed as to its provisions. Defense counsel prepared a written agreement which provided that all sentence provisions awarded by the court would be approved except that any bad-conduct discharge awarded would not be approved. The convening authority signed that agreement, as had the accused and his counsel, and gave it to the ship's legal officer for delivery to trial counsel for use at trial. Upon learning of the agreement, trial counsel contacted the convening authority and discussed the terms of the agreement with him. As a result, and on the advice of trial counsel, the convening authority withdrew the agreement. At trial it was announced by the trial counsel that no pretrial agreement existed. That announcement was accepted by the defense counsel and the accused by their silence.

There is no issue as to the providency of the pleas of guilty entered in this case since all parties at trial functioned under the assumption that no pretrial agreement existed. However, application of the theory set out in *United States v. Shulthise,* 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963), to the facts showing delivery of the signed pretrial agreement to the ship's legal officer, for further delivery to the trial counsel and later the trial judge, shows effective publication of the convening authority's acceptance of the agreement and binds him. He did not abide therewith. Consequently, we set aside the punitive discharge as required by the agreement.

Such action effectively nullifies any other error which may appear in this record.

In passing, counsel are cautioned that compliance with the provisions of the JAG Manual as they relate to pretrial agreements would have obviated the error assigned.

The findings and only so much of the sentence as provides for 3 months confinement at hard labor and forfeiture of $200 pay each month for 3 months are affirmed.