James Lee **BOULER**, Specialist Six, U. S. Army, Petitioner,

v.

**UNITED STATES, Respondent.**

**Miscellaneous Docket No. 75–66.**

U. S. Court of Military Appeals.

Feb. 27, 1976.

*Captain John R. Osgood* argued the cause for Petitioner. With him on the brief were *Colonel Alton H. Harvey* and *Lieutenant Colonel James Kucera.*

*Captain Gary F. Thorne* argued the cause for Respondent. With him on the brief were *Lieutenant Colonel Donald W. Hansen* and *Major John T. Sherwood, Jr.*

OPINION OF THE COURT

COOK, Judge:

This petitioner was convicted on July 14, 1975, of three marihuana offenses for which he was sentenced to a bad-conduct discharge, 18 months' confinement, and reduction in grade. Aware that he was disqualified to act on the results of trial due to a grant of immunity, the convening authority forwarded the record to an equivalent authority at Ft. Carson, Colorado, for reviewing action, which was accomplished on October 20, 1975. During the elapsed period of 98 days, the petitioner was continuously in confinement and, thus, after the 90th day there arose "a presumption of a denial of speedy disposition of the case" which placed upon the Government " 'a heavy burden . . . to show diligence.' "[1]

1. *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 138, 48 C.M.R. 751, 754 (1974); *see United States v. Slama*, 23 U.S.C.M.A. 560, 50 C.M.R. 779, 1 M.J. 167 (1975).

On the basis of this time period, the petitioner filed a petition for extraordinary relief. Although afforded the opportunity to rebut the presumption, the Government presented no evidence to show the requisite diligence. The presumption, therefore, has not been overcome. Accordingly, the findings and sentence are set aside, and we direct that the charges be dismissed.

Senior Judge FERGUSON concurs.

FLETCHER, Chief Judge (concurring):

I concur in the opinion of the Court with the following additional observations. I view the 90-day *Dunlap* standard as the time frame within which the normal processing of a convening authority's action must be accomplished. Upon proper showing, the disqualification of a convening authority which necessitates additional processing time *could* constitute an "extraordinary circumstance" sufficient to overcome the presumed denial of speedy disposition. *See, e. g., United States v. Beach,* 23 U.S.C. M.A. 480, 50 C.M.R. 560, 1 M.J. 118 (1975); *United States v. Johnson,* 23 U.S.C. M.A. 91, 93, 48 C.M.R. 599, 601 (1974); *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973). However, the present record evidences nothing more than the convening authority's disqualification coupled with the mere transfer of the record of trial to another jurisdiction. There has been no showing that this process was responsible for the substantial delay in taking action on the appellant's case. Thus, I join the majority in concluding that the presumed *Dunlap* violation has not been rebutted and hence that the charges must be dismissed.