UNITED STATES, Appellee,

v.

Roderick O. LUCY, Seaman Recruit, U. S. Navy, Appellant.

No. 32,409.
NCM 75-1164.

U. S. Court of Military Appeals.

March 26, 1979.

For Appellant—*Commander Carl H. Horst*, JAGC, USN (argued).

For Appellee—*Lieutenant Patrick A. Fayle*, JAGC, USN (argued); *Lieutenant Colonel P. N. Kress*, USMC (on brief).

Opinion of the Court

PER CURIAM.

The appellant was convicted by a general court-martial of the offenses of assault in which grievous bodily harm was intentionally inflicted and possession of an unauthorized dangerous weapon, in violation of Articles 128 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 892, respectively. He was sentenced to a bad-conduct discharge, confinement for one year, and forfeitures of all pay and allowances. Ninety-one days later, the convening authority took final action, approving the findings of guilty but reducing the period of confinement to 245 days. In all other respects, the sentence was approved. The United States Navy Court of Military Review found "no reason why this case should not be dismissed" but ordered a limited hearing to take "evidence relative to the delay in the post-trial review" pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). This hearing was completed and, following return of the record of trial and the transcript of the *DuBay* hearing, the Court of Military Review affirmed the findings and sentence. We granted review to consider several issues, including the appellant's contention that the Court of Military Review erred when it remanded the case for the limited rehearing.

We have examined the record of proceedings and the decisions of the Court of Military Review and conclude that under the circumstances of this case involving post-trial delay, no error was committed in remanding the case for a limited hearing to determine the cause of the delay. Our approval of the procedure utilized in this case should not be construed as relieving the Government of its responsibility to advise the appellate court of matters within the government's knowledge which may have precipitated the delay and which, in the usual case, should constitute the minimal requirement for the granting of limited rehearings such as are involved here. The

remaining issues have been considered and found to be without merit.

The decision of the United States Navy Court of Military Review is affirmed.

COOK, Judge (concurring):

I agree with the majority that the Court of Military Review did not err by returning the case for a limited hearing to determine the reasons, if any, for the post-trial delay. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

The Court also granted an issue to consider whether the post-trial delay of 91 days was adequately explained in view of the presumption established in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). The primary reason advanced by the Government to overcome the *Dunlap* presumption was the necessity to transfer the case to another convening authority because the original convening authority had been disqualified. Appellant cites *Bouler v. United States,* 1 M.J. 299 (C.M.A.1976), for his contention that the transfer of a case to another convening authority can *never* justify a post-trial delay in excess of 90 days. However, appellant reads *Bouler* too broadly. Although the Court ordered a dismissal of the charges in *Bouler,* where a case was transferred to another convening authority and the delay exceeded 90 days, it did not hold that such a transfer can never constitute a valid reason for overcoming the *Dunlap* presumption. Rather, the Government in *Bouler* failed to demonstrate that any delay occasioned by the transfer would have reduced the post-

trial period to 90 days or less. In the present case, the Government demonstrated that 4 days were required for transfer of the case; a sufficient amount to reduce the period below 90 days. *See* my dissenting opinion in *United States v. Iverson,* 5 M.J. 440, 449 n. 7 (C.M.A.1978). Accordingly, I agree with the majority that reversal is not required.

Finally, the Court granted another assignment of error to consider an alleged failure to serve a copy of the staff judge advocate's post-trial review on appellant, as required by *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). Appellant's trial and the substitute convening authority's action were completed prior to the effective date of the requirement imposed by *Goode.* However, the staff judge advocate's review of the limited hearing and the convening authority's action thereon occurred after its effective date.[1] Government counsel submit that because only advice as to a hearing limited to the question of post-trial delay is involved, the *Goode* rule is inapplicable. I disagree and, normally, I would order a new staff judge advocate's review and commander's action. *See United States v. Hill,* 3 M.J. 295 (C.M.A.1977). However, appellant's trial terminated on January 29, 1975, and the validity of the trial proceedings is no longer in issue. I see no useful purpose in returning the record for another review and action on a limited matter which the Court finds has no merit. Accordingly, I join in affirming the decision of the Court of Military Review.[2]

---

1. Appellant waived his right to be present during the limited hearing.

2. If the review of the trial itself were involved, I would order a different disposition. *See United States v. Brunelle,* 5 M.J. 424 (C.M.A.1978).