UNITED STATES, Appellee,

v.

Jesse J. THOMAS, Sergeant, United States Air Force, Appellant.

No. 33,127.
ACM 22018.

U. S. Court of Military Appeals.

Nov. 5, 1979.

For Appellant: Colonel Robert W. Norris, Captain Thomas S. Markiewicz (on brief).

For Appellee: Colonel Julius C. Ullerich, Jr., Major John A. Cutts, III (on brief).

Opinion of the Court

PER CURIAM: *

Upon his conviction by a general court-martial for possession and sale of heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the appellant was sentenced to a bad-conduct discharge, confinement at hard labor for 9 months and reduction to the lowest enlisted grade. The new convening authority approved both the findings and the sentence and the United States Air Force Court of Military Review affirmed his action. Before this Court, the appellant asks:

WHETHER APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY POST–TRIAL REVIEW AND ACTION WHERE THE CONVENING AUTHORITY TOOK HIS ACTION PRIOR TO FORWARDING TO APPELLANT'S COUNSEL A COPY OF THE REVIEW OF THE STAFF JUDGE ADVOCATE PER *UNITED STATES V. GOODE*, 23 U.S.C.M.A. 367, 50 C.M.R. 1 (1975).

We conclude that he was not.

The appellant's trial was completed November 4, 1975. Thereafter, the record was transcribed by the court reporter and authenticated by the military judge. Because of testimony appearing in the record to the effect that a prosecution witness believed that he had been promised immunity by the base staff judge advocate in exchange for his testimony, the original convening authority disqualified himself to avoid the appearance of evil. The record was transmit-

---

* Judge Matthew J. Perry took final action in this case prior to his resignation as a judge of this Court pursuant to his appointment and confirmation as a United States District Judge for the District of South Carolina.

ted to a new convening authority, and was received by his staff judge advocate on January 16, 1976. On January 27, the staff judge advocate completed the review, in which the convening authority was advised that, since the accused had been in continuous post-trial confinement, a presumption would arise that he had been denied a speedy disposition of his case if the convening authority did not take his formal action very shortly.[1] The convening authority was further advised that, because the defense counsel was stationed at another installation, where the appellant had been tried, it was not possible to serve the counsel with the post-trial review and to furnish him time to respond thereto[2] within the time frame allowed for the convening authority's action.[3] Accordingly, the convening authority promulgated his formal and final action on January 30, 1976, the 87th day of the appellant's post-trial confinement, without having served the appellant's defense counsel with a copy of the post-trial review. Finally, the defense counsel was served on February 2 and he submitted his response on February 9. On February 18, the convening authority "affirmed" his earlier action.

The appellant's claim of denial of his right to a speedy post-trial review and action by the convening authority has reference, of course, to the rule announced in *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 138, 48 C.M.R. 751, 754 (1974), that "a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial." But, as the appellant himself acknowledges, the convening authority *did* take timely action on the record of trial on the 87th day.

Apparently, then, the gist of the appellant's argument is that failure to serve defense counsel prior to the action pursuant to our decision in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), rendered that action void as a matter of law and, implicitly, rendered the subsequent action untimely in contravention of *Dunlap*. However, that is not the manner in which this Court has treated similar failure of service in the past, see *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978), and we decline the appellant's invitation to do so now. And, in light of the convening authority's express consideration of the defense counsel's response to the late service, and his subsequent "affirm[ance]" of his earlier action, we perceive no prejudice accruing to the appellant from such late service.

The decision of the United States Air Force Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

The constraints of the *Dunlap*[1] rule no longer exist. *United States v. Banks*, 7 M.J. 92 (C.M.A.1979). Abrogation of the rule, however, came after the convening authority had reviewed the accused's conviction. Consequently, when it became apparent he had to act on the record or be presumed to have denied the accused a speedy review, the convening authority had to choose one or another of the infelicitous courses available to him. See the discussion in my separate opinion in *United States v. Iverson*, 5 M.J. 440, 447 (C.M.A.1978), on the relationship between the *Goode*[2] rule and the *Dunlap* rule.

On the recommendation of his staff judge advocate, who, in his post-conviction review of the record, remarked on the impact of *Goode* on the *Dunlap* rule and referred to a message by the Judge Advocate General of the Air Force stressing that the 90-day rule of *Dunlap* should not be allowed to expire

1. *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).

2. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

3. *Dunlap v. Convening Authority, supra.*

1. *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).

2. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

in order to satisfy the 5-day period allowed by *Goode* to defense counsel for response to the staff judge advocate's review, the convening authority elected to act before expiration of the *Goode* period. I cannot fault him for that choice in light of the state of the law at that time. He may even have thought that the delay necessitated by transfer of the case to him for review might not be regarded as excusable. *See* my opinion in *United States v. Lucy*, 6 M.J. 265, 266 (C.M.A.1979). The inescapable fact, however, is that he did not allow defense counsel the time prescribed by *Goode*. The question, therefore, is whether that course is excusable. Unlike my Brothers, I believe that *Iverson* has nothing to say about that matter as it deals with the appointment of a substitute defense counsel for trial defense counsel as a means of complying with the *Goode* rule within the *Dunlap* period.

In *United States v. Hill*, 3 M.J. 295, 297 (C.M.A.1977), the Court said that *Goode* could best serve its intended purpose "only if we insist upon compliance" with it. While the Court did not articulate its reasons in its Per Curiam opinion in *United States v. Lucy, supra*, the Court noted it found no merit in certain unidentified claims of error. In my separate opinion, I identified one of the claims as an allegation that the failure of the convening authority to allow defense counsel five days to respond to the staff judge advocate's review of a limited rehearing directed by the Court of Military Review was reversible error. 6 M.J. at 266. As I concluded the circumstances demonstrated that "no useful purpose" would be served by remand for compliance with *Goode*, I joined my Brothers in holding that the assignment of error lacked merit. Similar circumstances are present in this case.

Accused's petition for grant of review set out two assignments of error. One posited a denial of due process because of the "injudicious room and building in which the trial was held"; the other asserted a denial of the right to a 5-day period to respond to the staff judge advocate's review, as provided by *Goode*. The Court granted review on the *Goode* issue because it was like that in *Lucy*, which was then pending decision by the Court. Denial of review of the due process challenge left no question as to the validity of the trial proceeding. In my opinion in *Lucy*, I concluded that this circumstance weighed against the necessity for invalidation of the convening authority's action because of the failure to comply with the *Goode* rule. Other factors weigh the balance further in that direction. First, the principal opinion notes accused's counsel was furnished with the staff judge advocate's review. He responded to it and his response was submitted to the convening authority for appropriate action. That procedure was spelled out in the staff judge advocate's review as the best available, considering the remaining *Dunlap* time and the special caution as to compliance with *Dunlap* promulgated by the Judge Advocate General of the Air Force. With submission of defense counsel's response, the staff judge advocate advised the convening authority that, while he could not withdraw his original action,[3] he could change the place of confinement from the Disciplinary Barracks at Fort Leavenworth to a retraining command at Lowry Air Force Base to make the accused eligible for consideration for restoration to duty,[4] which was the only non-trial issue, other than objection to violation of the *Goode* rule, raised in the response.

The accused suggests that a different procedure, which would not have violated *Goode*, was available to the convening authority; specifically that the convening authority could have released him from post-conviction confinement and, thereby freed himself from the time strictures of *Dunlap*. Perhaps so. But the question is not what could have been done, but what was done. What was done accorded the accused full opportunity to have his post-conviction plea for restoration eligibility considered by the

---

3. *See United States v. Shulthise*, 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963).

4. *See* para. 2–37, AFR 110–7(2) (30 Jan. 1976).

convening authority while he still was empowered to grant that relief.

The second added circumstance that I believe weighs against invalidating the convening authority's action is that all matter that would have been before the convening authority had *Goode* been adhered to was considered, not only by the convening authority, but also by the Court of Military Review when it reviewed the accused's case. It found the staff judge advocate's advice unimpeachable on "the law and facts." *United States v. Thomas*, 2 M.J. 263, 265 (A.F.C.M.R.1976). This case, therefore, is not one in which there is an "erroneous, inadequate or misleading" staff judge advocate's review, which is the kind of review the *Goode* rule was intended to eliminate. Also, it is not the kind of case confronted in *Hill*, where the convening authority could not take the ameliorative action prayed for in defense counsel's response to the staff judge advocate's review.

In view of the circumstances discussed above, I conclude, as I did in *Lucy*, that no useful purpose would be served by invalidating the action of the reviewing authority. I, therefore, join in affirming the decision of the Court of Military Review.