UNITED STATES, Appellee,

v.

Jerome M. McADOO, Sergeant, U. S. Marine Corps, Appellant.

No. 39,386.

NCM 80 0110.

U. S. Court of Military Appeals.

Aug. 30, 1982.

For Appellant: *Captain W. J. Ciaravino,* USMCR (argued); *Commander Walter J. Landen, JAGC, USN, Commander Patricia M. Gormley, JAGC, USN* (on brief); *Lieutenant Lynn M. Maynard, JAGC, USNR.*

For Appellee: *Major Charles W. Dorman,* USMC (argued); *Captain T. C. Watson, Jr., JAGC, USN, Lieutenant Anne L. MacArthur, JAGC, USN, Captain Craig L. Kemmerer,* USMCR (on brief).

OPINION OF THE COURT

COOK, Judge:

This case should never have reached this Court. Even the few facts upon which there is some agreement do not permit the formulation of a clear legal issue.

The accused's trial concluded with the announcement of sentence on May 1, 1979.[1] The convening authority took action on the findings and sentence on July 11, 1979.[2] The review of the staff judge advocate to the supervisory authority was dated September 12, 1979. A certificate signed by the acting staff judge advocate attests to the service of a copy of the review on detailed defense counsel on September 13, 1979. On September 17, 1979, defense counsel requested "a delay in the normal five day response time" mandated by our decision in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975),[3] and he "anticipated that the

1. The accused was convicted, despite his pleas, by a special court-martial of two specifications alleging assault and battery, and one specification alleging disrespect to his superior commissioned officer, in violation of Articles 128 and 89, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 889, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $250.00 pay per month for 3 months, and reduction to private, E-1.

2. The convening authority approved the sentence, but suspended the bad-conduct dis-

charge and so much of the remainder of the sentence as exceeded confinement at hard labor for 64 days, forfeiture of $250.00 pay per month for 2 months, and reduction below the grade of corporal (E-4), for a period of 6 months. The supervisory authority approved the "sentence as approved and partially suspended."

3. [O]n and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any mat-

Defense Response will be completed and submitted within ten days of this date." He concluded by giving his office telephone number. At the bottom of this request is a handwritten inscription stating (as far as may be deciphered:

18 Sep 79

Granted to 27th Sep 79

L. E. O'Neil

On October 3, 1979, the supervisory authority approved the findings and sentence as approved and partially suspended by the convening authority, and noted:

> The record of trial reflects that in accordance with the case of United States v. Goode, 23 USCMA 367, 50 CMR 1 (1975), a copy of the Staff Judge Advocate's review was delivered to the Detailed Defense Counsel on 13 September 1979. That officer has not submitted any corrections, challenges or comments on the Staff Judge Advocate's review to the Supervisory Authority.

On October 4, 1979, detailed defense counsel's response to the review of the staff judge advocate was received by "LNC [Legalman Chief Petty Officer] M. T. Shadburn" at "COMFIVE" (Commandant, Fifth Naval District, Norfolk, Virginia). On November 9, 1979, detailed defense counsel requested the supervisory authority to reconsider the "record of trial" since the action "reflect[ed] that the Defense [counsel's] request for an extension of time in filing of a Goode response" was not considered. On November 16, 1979, the request was denied, but defense counsel's request and the Goode response were "forwarded" to the Naval Appellate Review Activity "for inclusion in the record of trial."

ter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

This much information may be gleaned from examination of the allied papers. However, the area of controversy lies in the events of several days which appear as part of chronologies submitted by detailed defense counsel first to the supervisory authority, then to the Court of Military Review, and, later, to this Court. In essence, in the chronologies and accompanying affidavits detailed defense counsel states that he never received information of the September 27, 1979, deadline for submitting his Goode response prior to October 4, 1979; that he advised the chief legalman and assistant staff judge advocate at COMFIVE on October 1, 1979, that his Goode response "was in a typing pool"; that on October 3, 1979, he advised the assistant staff judge advocate that the "Goode response would be hand delivered the following day"; and that on October 4, 1979, he did deliver the Goode response to the Fifth Naval District Chief Legalman. (This delivery is confirmed by the notation on the Goode response itself.)

During oral argument, we requested from appellate defense counsel a chronology of events, which has been received. However, the Government responded that it "can not accept ... as fact" the statement of events occurring on September 17, on October 1, 3 and 4, or on November 8, and offers its own version. As to September 27, the Government stated that defense counsel's comments were due, that none were received, and that there was no further request for enlargement. As to the events of October 3, the Government notes that [4]

> [t]he record does not reflect by what means the detailed defense counsel "advised" the assistant staff judge advocate that a defense response to the ... review would be delivered the following day.

*United States v. Goode*, 1 M.J. 3, 6 (C.M.A. 1975) (footnote omitted).

4. Appellate government counsel correctly note that after the supervisory authority took his action, he had no authority to modify the findings in the case and could only exercise clemency. Cf. *United States v. Thomas*, 8 M.J. 1 (C.M.A.1979).

Nor does the record reflect whether this advice was received prior to the supervisory authority taking his action in the case.

As to October 4, the Government concedes that it was "highly probable" "that the defense comments were hand delivered" since "the detailed defense counsel and the staff judge advocate were located in the same building."

The question presented for our resolution is whether the *Goode* waiver should be enforced against defense counsel for failing to submit his comments within the time he requested? In order to reach this conclusion, we would have to say that he had lingered too long and that there was nothing which justified his dilatoriness. *See United States v. Barnes*, 3 M.J. 406 (C.M.A. 1977). However, these other factors may have contributed to this situation, but they are not so readily resolved:

(1) Was defense counsel negligent in not ascertaining the limit to the delay he requested?

(2) Was the staff judge advocate negligent in not assuring that defense counsel knew of the limit?

(3) What is the effect of defense counsel's notification to the chief legalman on October 1, 1979, that a *Goode* response was forthcoming?

(4) Should the assistant staff judge advocate have taken some action to delay *finalizing* the case on October 3?[5]

These questions are difficult to answer at the appellate level on the basis of conflicting affidavits.

We enunciated the requirement in *United States v. Goode, supra*, "[b]ecause of these continual and often repeated claims of errors [in reviews], plus the delay in determining their validity and correction." *Id.* at 6. "The requirement" of service of the staff judge advocate's review on defense

counsel for corrections or challenges or comments "was predicated on a desire to eliminate delays encountered in claims of error in post-trial reviews and the exhaustion of appellate resources when such errors could easily and expeditiously be resolved prior to the convening and supervisory authorities' actions." *United States v. Hill*, 3 M.J. 295, 296 (C.M.A.1977). The *Goode* procedures were designed to correct those errors generated by the review process itself at the review level rather than at the appellate court level. A proper review is an important benefit both for the Government and for the accused. As Judge Ferguson stated in *United States v. Wilson*, 9 U.S.C.M.A. 223, 226, 26 C.M.R. 3, 6 (1958):

[W]e cannot escape the conclusion that the post-trial review and the action of the convening authority together represent an integral first step in an accused's climb up the appellate ladder. This step is oftentimes the most critical of all for an accused because of the convening authority's broad powers which are not enjoyed by boards of review or even by this Court. It is while the case is at the convening authority level that the accused stands the greatest chance of being relieved from the consequences of a harsh finding or a severe sentence.

If this Court must review *de novo* both the review and the comments of the defense counsel thereon for prejudice, the beneficial effects of *Goode* will be eroded and the process will amount to "the exhaustion of appellate resources" which *Goode* sought to remedy.

The lack of communication between the defense counsel and the office of the staff judge advocate is inexcusable. It does not appear unreasonable to expect greater coordination between two functionaries, particularly on a matter of this importance, when they are located in the same building.

---

5. Under the law applicable at the time, *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), if the accused were in confinement, the supervisory authority was required to take his action within 90 days after sentence was announced. Here, the accused was released from confinement by action of the convening authority after serving 64 days of confinement. Hence, the need to take action on October 3 was not mandatory. *Cf. United States v. Thomas, supra. United States v. Banks*, 7 M.J. 92 (C.M.A.1979), states the present rule.

Since the case at bar provides a situation where we cannot factually determine who was at fault in the supervisory authority's action being taken before receipt and consideration of the defense counsel's comments, we are reluctant to enforce the waiver provision of *Goode.* After all, whoever was at fault, it is the accused who is the ultimate loser.[6] The resolution of these factual conflicts arising from the submissions of appellate defense counsel and appellate government counsel is properly the function of the Court of Military Review with its fact-finding powers.

The decision of the United States Navy Court of Military Review is reversed. The record is returned to the Judge Advocate General of the Navy for submission to that court for resolution of factual matters relating to factors (1)–(4) above. The court may consider the review of the staff judge advocate and the comments of defense counsel to determine if any prejudice to the

accused occurred from failure of the supervisory authority to consider defense counsel's comments prior to taking action, or it may return the record to the supervisory authority for consideration of the defense counsel's comments and a new action. Upon completion of this process, the record will be returned to this Court for further proceedings as appropriate.[7]

Chief Judge EVERETT concurs.

FLETCHER, Judge (concurring in the result):

I agree that this matter should be returned to the Court of Military Review to determine if any prejudice to the accused occurred by the supervisory authority's failure to consider the defense counsel's comments prior to his action.[1] I do not agree with returning this matter to the supervisory authority, unless the Court of Military Review finds prejudice to the accused.

---

**6.** "The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his." *United States v. Roop,* 16 U.S.C.M.A. 612, 615, 37 C.M.R. 232, 235 (1967).

**7.** Although we do not choose to examine the review and the defense counsel's comments in the instant case and test for prejudice, we do not, in any way, forego our responsibility to search the record for any "error [which] materially prejudices the substantial rights of the

accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a). "[W]henever, to do substantial justice, it becomes necessary to notice an error, then objection or no objection, as far as we are concerned that error will be noted." *United States v. Fisher,* 4 U.S.C.M.A. 152, 156, 15 C.M.R. 152, 156 (1954).

**1.** *See United States v. Narine,* 14 M.J. 55, 58 (C.M.A.1982) (Fletcher, J., dissenting), and *United States v. Thomas,* 8 M.J. 1, 2 (C.M.A. 1979).