**UNITED STATES**

v.

**Crystal Yvette RANDOLPH, 255 11 8243, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 83 2957.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 16 Sept. 1982.

Decided 19 June 1984.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Brian M. Madden, JAGC, USNR, Appellate Defense Counsel.

LT Steven P. Benson, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and GARVIN, JJ.

GLADIS, Senior Judge:

Pursuant to her pleas at a special court-martial bench trial the accused was found guilty of two failures to go, five unauthorized absences, one disobedience of a lawful order, fourteen bad check offenses, and two dishonorable failures to pay just debts, in violation of Articles 86, 92, 123(a), and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 923(a), 934. She was sentenced to a bad conduct discharge, confinement at hard labor for 3 months, forfeiture of $300.00 per month for 5 months, and reduction to pay grade E–1 on 16 September 1982. The convening authority approved the sentence, but suspended confinement in excess of 45 days on 22 October 1982. The supervisory authority approved the sentence as approved by the convening authority on 13 May 1983, 238 days after the trial. The special court-martial order promulgating the results of trial was issued on 9 June 1983. We remanded the case for a supplemental staff judge advocate's review and new supervisory authority's action on 27 December 1983. The supervisory authority took his new action on 27 February 1984.

The accused contends on appeal that, first, she has been denied her right to speedy review where 238 days elapsed between the date of trial and the date of the supervisory authority's action in a case in-volving, guilty pleas, a pretrial agreement, a 66 page record of trial, no motions or complicated issues, an unsatisfactory explanation for the delay, and substantial prejudice because of the delay, and, second, an unsuspended bad conduct discharge is inappropriate. We disagree and affirm.

*Speedy Review*

Inordinate and unexplained delay in the review of a court-martial warrants dismissal of the charges, at least, charges which are not considered serious, if the accused has been prejudiced by the delay. *United States v. Clevidence*, 14 M.J. 17 (C.M.A.1982). An accused on appellate leave who has been hindered in finding adequate employment because potential employers are concerned that he/she may be recalled to active duty has been prejudiced. *Id., United States v. Sutton*, 15 M.J. 235 (C.M.A.1983). Delay occasioned by administrative bungling and indifference will not be tolerated if there is *any* indication that the accused has been prejudiced as a result. *United States v. Shely*, 16 M.J. 431 (C.M.A.1983).

The bad check offenses of which the accused stands convicted are serious.[1] Thus, although the supervisory authority's delay in taking his original action was inordinate and is deplorable, *Clevidence* and its progeny do not require dismissal of the charges. *United States v. McGinn*, 17 M.J. 592 (C.G.C.M.R.1983). Moreover, the delay is explained and has not been marked by indifference, although it may have been occasioned by bungling and the explanation is far from satisfactory.

In addition, as we construe the affidavit of the accused, she was able to find employment, but unable to obtain meaningful and rewarding employment because prospective employers feared that she would be recalled to active duty. She could not quit her job and obtain unemployment benefits or obtain educational or financial loans from the Veterans Administration. We are unaware of any Veterans Adminis-

---

**1.** The unauthorized absences here were for short periods.

tration educational or financial loans that the accused would be eligible for by reason of her military service. Her inability to obtain what she considers to be meaningful employment is a natural concomitant of her conviction of numerous bad check offenses and a bad conduct discharge. She will not be heard to complain that the natural consequences of her just conviction and sentence are occasioned by delay in review. *See United States v. Dillon*, 17 M.J. 501 (A.F.C.M.R.1983). Therefore, we reject the accused's contention that denial of speedy review resulted in prejudice and warrants dismissal of the charges.

### Sentence Appropriateness

■ On the basis of the entire record, we find an unsuspended bad conduct discharge to be appropriate in this case. We have considered the clemency requests.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

The supervisory authority did not issue a supplementary court-martial order to promulgate his action of 27 February 1984. His original court-martial order does not show that specifications 1 and 3 of Charge II were dismissed by the military judge. A supplementary court-martial order must be issued by the supervisory authority to correct these deficiencies.

Judge CASSEL and Judge GARVIN concur.