**UNITED STATES**

v.

**Mark Alan VONKAGELER, 561 02 4030, Signalman Second Class (E–5), U.S. Navy.**

**NMCM 83 3300.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Nov. 1982.

Decided 27 June 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LT John B. Consevage, JAGC, USNR, Appellate Defense Counsel.

LT William V. Cerbone, Jr., JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and GARVIN, JJ.

PER CURIAM:

We have examined the record of trial, the assignments of error, and the Govern-

ment's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. We reject the accused's contention that denial of speedy review warrants dismissal of the Charge. The offenses of which the accused stands convicted, including sale of marijuana, are serious and, therefore, are not the type that must be dismissed for lack of speedy review. *United States v. Clevidence,* 14 M.J. 17 (C.M.A.1982). *See United States v. Randolph,* 18 M.J. 633 (N.M.C.M.R.1984).

Although, the accused asserts that, as a result of the delay, he has only been able to obtain employment through family and friends, his inability to obtain steady and what he considers to be gainful employment is a natural consequence of his just conviction and his bad conduct discharge. We also note that he has a civilian felony conviction for this offense and we are aware of the negative effect that this has on his employment prospects. *United States v. Randolph, supra.* The delay in completing the staff judge advocate's review did not approach the magnitude of the delays condemned in *Clevidence* and its progeny. The delay occasioned by the at-

tempt to serve the review on defense counsel before the supervisory authority acted was reasonable. When the supervisory authority took his initial action and forwarded the record, the appellate process commenced. *Cf. United States v. Thomas,* 8 M.J. 1 (C.M.A.1979); *United States v. Baughcum,* 4 M.J. 536 (N.C.M.R.1977). Subsequently, there was no delay at the appellate level which would warrant dismissal of the Charge. *See United States v. Green,* 4 M.J. 203 (C.M.A.1978); *United States v. Flint,* 50 C.M.R. 865, 871 (A.C.M.R.1975), *aff'd in part,* 1 M.J. 428 (C.M.A. 1976). This Court set aside the original supervisory authority action and returned it for a new one which was also taken without any inordinate delay.

The unsuspended bad conduct discharge is appropriate.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.