PER CURIAM:
Contrary to his pleas, a military judge sitting alone as a special court-martial convicted appellant of distributing 5.02 grams of marijuana in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced appellant to confinement for 100 days, forfeiture of $200.00 pay per month for 4 months, reduction to E-l, and a bad- *1096 conduct discharge. The staff judge advocate’s Rule for Courts-Martial (R.C.M.) 1106, Manual for Courts-Martial (MCM), United States, 1984, recommendation was prepared 72 days after the trial. The convening authority finally approved the findings and sentence 412 days after the trial. This was prior to service of the staff judge advocate’s recommendation on defense counsel. There is no explanation whatsoever in the record of trial for this delay. The Government thereafter improperly attempted to serve the recommendation on two different defense counsel.[1] In fact, the recommendation has still not been properly served on a defense counsel in accordance with R.C.M. 1106(f), MCM, 1984.
Appellant asserts that the Government’s indifference to and mishandling of the post-trial processing of his case has deprived him of the right to a speedy review. Furthermore, appellant alleges in an uncontroverted and unchallenged affidavit that he cannot secure gainful employment because of his inability to produce a discharge from the Naval Service.[2] Based on the prejudice he has suffered, appellant asks this Court to dismiss the charge and its sole specification. Even though we agree that this is another example of inexcusable and unacceptable post-trial delay that has resulted in prejudice to an appellant,[3] we will not grant the relief requested. We will, however, take appropriate corrective action.
The United States Court of Military Appeals held in United States v. Clevidence, 14 M.J. 17 (C.M.A.1982), that reviewing authorities must take corrective action when an appellant proves he has suffered actual prejudice as a result of improper post-trial delay by the Government. In Clevidence the remedy was dismissal of the charges. However, the Court stated they would hesitate to dismiss if the offenses had been of a more serious nature. 14 M.J. at 19. We agree with appellant that he was prejudiced by the post-trial delay and now must determine the seriousness of the offense of which. appellant was convicted and determine an appropriate remedy under all the circumstances.
This Court has previously held that the offense of distributing a controlled substance such as marijuana is a serious offense. United States v. Vonkageler, 18 M.J. 642 (N.M.C.M.R.1984). This is especially true when the distribution is made by a first class petty officer, as it was here.[4] We find that the distribution of marijuana offense is a “serious offense” under the *1097 facts of this case. Accordingly, the relief requested by appellant — dismissal—is inappropriate. However, to provide effective relief for the inordinately long and prejudicial post-trial delay, we find that the appropriate remedy under the circumstances is disapproval of the bad-conduct discharge. Article 66(c), UCMJ, 10 U.S.C. § 866(c). We will not compound the delay by returning the record for proper service of the staff judge advocate’s recommendation on a defense counsel and a new convening authority’s action. No further remedial action by the reviewing authorities below is likely or appropriate.
Therefore, the findings of guilty and only so much of the sentence as provides for confinement of 100 days, forfeiture of $200.00 pay per month for 4 months, and reduction to E-l are affirmed.

. The first counsel incorrectly served was the civilian defense counsel, who notified the Government that the appellant had indicated at trial on the record that he wanted the military defense counsel to handle the post-trial matters. The civilian defense counsel also noted that the staff judge advocate's recommendation mistakenly stated that appellant had been convicted at a general court-martial vice a special court-martial. The second counsel on whom service was attempted was the military defense counsel. The Government telephoned the military defense counsel and learned that she could not accept and comment on the staff judge advocate's recommendation because she was no longer on active duty. The Government’s belated attempt to find a defense counsel on whom to serve the recommendation would be almost humorous if this bungling did not adversely affect appellant's right to post-trial representation. See United States v. Palenius, 2 M.J. 86 (C.M.A.1977).

. Appellant does not allege that he was prejudiced by being court-martialed or by being sentenced to a bad-conduct discharge (although this will undoubtedly prejudice him at some point). The prejudice he asserts is his unresolved military status. Appellant states that he has applied for numerous jobs for which he is eligible (even with a bad-conduct discharge), but has not been hired because he cannot prove he is no longer obligated to further military service by producing a "DD 214” discharge paper. Accordingly, appellant states that he cannot find gainful employment to adequately support his wife and children and, as a result, is experiencing severe financial difficulties. Appellant’s Affidavit.

. We need not list the disturbingly large number of cases involving such inexcusable and unacceptable delay. We do note that post-trial review errors have recently been a concern to the Judge Advocate General of the Navy. In a legal advisory dated 19 March 1989, the Judge Advocate General stated: "We need more attention to detail in handling records of trial____” Naval Message 1714452, March 1989. This Court agrees.

. As the Court of Military Appeals noted in Clevidence, 14 M.J. at 19 n. 5, the fact that an offense is truly serious makes the Government's inattention to the post-trial processing "even more puzzling.”